# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENT G. SAVAGE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) NO. CIV-14-0764-HE ) |
| JASON BRYANT, Warden,[1] | ) ) |
| Respondent. | ) |

## ORDER

Petitioner Kent G. Savage, a state prisoner appearing *pro se,* filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that the petition be denied. Petitioner has filed an objection to the Report and Recommendation.

Petitioner was charged with ten counts of indecent or lewd acts with a child under sixteen (Counts I-X), two counts of first degree rape by instrumentation (Counts XI and XII), and two counts of exhibition of obscene materials to a minor child (Counts (XIII and XIV). He waived a preliminary hearing and a jury found him guilty on all 14 counts. Petitioner was sentenced to 20 years imprisonment on each count for Counts I though VI, 15 years imprisonment on each count for Counts VII through X, life imprisonment on each count for

---

[1]*As petitioner noted in his objection, Jason Bryant is the current Warden at James Crabtree Correctional Center, where petitioner is in custody. Therefore, the Clerk of Court is directed to substitute Jason Bryant, Warden, as respondent, in place of Janet Dowling, Warden. See Rule 2(a), Rules Governing § 2254 Cases in the United States District Courts.*

Counts XI and XII, and 3 years imprisonment on each count for Counts XIII and XIV, with each sentence to run consecutively. He filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). The OCCA affirmed petitioner's convictions and sentences and he then filed his § 2254 habeas petition.

In his habeas petition, petitioner reasserts the same claims he raised on direct appeal, except he omits a challenge to the length of his sentences. In ground one of his petition, he alleges he was denied his constitutional right to present a defense by the trial court's exclusion of evidence regarding the alleged prior sexual abuse of one of his victims, O.S., and by the court's denial of his right to cross-examine various witnesses regarding the alleged prior abuse. In ground two, petitioner alleges that his Sixth Amendment right of confrontation was violated by the admission of the three minor victims' hearsay statements, including their recorded statements, at trial. He also contends that, once the alleged inadmissible hearsay statements are disregarded, the remaining evidence is insufficient to support his convictions. In ground three, petitioner alleges that the trial court improperly allowed speculative expert and lay opinions that bolstered the victims' recorded statements. In ground four, petitioner claims he was denied the effective assistance of trial counsel. In ground five, petitioner alleges he was denied his constitutional right to a fair trial by the accumulation of errors that occurred.

The magistrate judge carefully considered and rejected each ground for relief. In his objection, petitioner challenges all of the magistrate judge's findings and conclusions, but principally focuses on the magistrate judge's rejection of his claim that his Sixth Amendment

2

right of confrontation was violated by the admission of the minor victims' hearsay statements.

Petitioner contends that he did not have the opportunity to confront the victims because they "did not remember their accusations, or refused to testify, or recanted their accusations." Doc. #30, p. 5. As the magistrate judge noted, though, "the Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (emphasis in original). All of the victims testified. M.S. initially refused, but petitioner acknowledges in his Memorandum that, after initially refusing, she "returned to the stand, where she was sworn in and the trial proceeded with M.S. responding unwilling." Doc. #2, p. 9.

Insofar as petitioner contends that his confrontation rights were violated because all the victims "claimed memory loss," Doc. #2, p. 9, "[a] witness' lack of recollection does not constitute an inability to cross-examine." United States v. McHorse, 179 F.3d 889, 900 (10th Cir. 1999) (quoting United States v. Knox, 124 F.3d 1360, 1364 (10th Cir.1997)). Neither [the Tenth Circuit] nor the Supreme Court . . . has ever held that a witness' loss of memory may be the basis for a Confrontation Clause violation." *Id.* Similarly, a party is not precluded from cross-examining a witness simply because that witness recants her testimony.

Having conducted the required *de novo* review, the court agrees with Magistrate Judge Purcell's analysis of petitioner's grounds for habeas relief and **ADOPTS** his Report and Recommendation. Accordingly, the court **DENIES** the petition for writ of habeas corpus.

The court also **DENIES** a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 10th day of September, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE